IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
GLENN WEBSTER and            )
TONGANITA WEBSTER,           )
                             )
    Plaintiffs,              )
                             )      CIVIL ACTION NO.
    v.                       )        3:13cv715-MHT
                             )            (WO)
ALEXANDER SUTTON and         )
DAMIAN SUTTON,               )
                             )
    Defendants.              )
```

OPINION AND ORDER

Plaintiffs Glenn and Tonganita Webster initially brought this lawsuit in state court, alleging that defendant Alexander Sutton, while driving a car owned by defendant Damian Sutton, rear-ended them on Interstate Highway I-85.  The Suttons removed this case from state to federal court under diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332.  Subsequently, Ms. Webster's minor son, L.S., through his mother brought a separate state-court

lawsuit for compensation for the injuries that L.S. suffered in the same car crash.

This federal lawsuit is now before the court on the Suttons' motion to join L.S. as a plaintiff under Fed. R. Civ. P. 20(a).  A hearing was held on the motion on February 10, 2014.  Rule 20(a) states: "Persons may join in one action as plaintiffs if" certain prerequisites are met. Fed. R. Civ. P. 20(a)(1).  This rule empowers <u>plaintiffs</u> to choose to bring litigation together or separately.

The Suttons argue that the rule leaves the question of whether to add a plaintiff to the court's discretion. Such an interpretation mangles the plain text of the rule, and, as the Suttons' counsel pointed out during a telephone conference with the court, there is no authority for their interpretation.  Rather, one commentator has stated:

> "The permissive party joinder rule gives plaintiff great discretion to determine the structure of litigation. Although defendants may be able to alter the

>> plaintiff's structure by impleading third-party defendants or by moving for the joinder of absentees who satisfy Rule 19, defendants have no right to insist that plaintiff join all persons who might be joined under permissive party joinder requirements."

4 James Wm. Moore et al., Moore's Federal Practice § 20.02[2][b][I] (3d ed. 2013) (internal references and citations removed).

Neither is it relevant that L.S.'s state-court suit was brought through his mother, who is a plaintiff in this federal case, or that the same attorney is representing L.S.'s interests in the state-court lawsuit and Ms. Webster's in this one.  L.S.'s lawsuit seeks damages for his own injuries.  It could have been brought by another parent or guardian, and it is of no consequence that Ms. Webster was the one who brought it.

\* \* \*

For the reasons listed above, it is the ORDERED that defendants Alexander Sutton and Damian Sutton's motion for joinder of L.S. (Doc. No. 12) is denied.

DONE, this the 18th day of February, 2014.

   /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**